# Samuel Montgomery, Plff. in. Err., *v.* Exchange Bank of Waynesburg.

The admission of testimony, of a character so irrelevant and harmless that it could by no possibility have been injurious to the plaintiff in error, is not ground of reversal.

The books of a bank are admissible to charge a defendant who is a stockholder and an officer of the bank, having in his power the inspection and supervision of such books.

(Argued October 5, 1886.   Decided October 18, 1886.)

October Term 1885, No. 173, W. D. Error to the Common Pleas of Greene County to review a judgment on a verdict for plaintiff in an action of assumpsit upon three promissory notes. Affirmed.

July 22, 1879, judgment was entered in favor of the Exchange Bank of Waynesburg against defendant, upon three notes, with warrant of attorney, etc., one dated August 27, 1874, for $47.80, one dated September 9, 1875, for $63.34, and one dated September 16, 1874, for $500.

October 25, 1879, defendant filed a petition for a rule to show cause why the judgment should not be opened, in which he admitted the execution of the notes, but alleged that he had a just and legal defense thereto:   1.  That he was holder of certificates of deposit in the bank, of an amount more than sufficient to cover the notes.   2.  That the bank was indebted to him for legal

NOTE.—Entries on notes or in books which are self-harming are admissible in evidence against the party making them, or his estate.  Addams v. Seitzinger, 1 Watts & S. 243; Roberts's Appeal, 126 Pa. 102, 17 Atl. 538.

See also editorial note to Rudd v. Robinson, 12 L. R. A. 473, presenting the authorities as to the admissibility in evidence of books of account of corporation.  As to admissibility in evidence of books of account in general, see the following editorial notes containing a full presentation of the authorities on the various phases of their respective subjects:  Admissibility of a party's books of account as evidence in his own favor, note to Smith v. Smith, 52 L. R. A. 546; use of person's books of account as evidence between other parties, note to State Bank v. Brown, 53 L. R. A. 513; as to what is provable by books of account, note to Hall v. Chambersburg Woolen Co. 52 L. R. A. 689; partnership books of account as evidence, note to Chick v. Robinson, 52 L. R. A. 833.

services. 3. That the note of $500 included $200 usurious interest. January 10, 1880, the rule was made absolute by consent.

The following facts appeared at the trial in the court below:

Upon petition to the quarter sessions of Greene county in April, 1868, the name of the "Odd Fellows Association of Waynesburg" was changed to that of "The Exchange Bank of Waynesburg, Pa." Under this name and charter plaintiff at once began doing a banking business. Its rules required each member to pay a *bonus* of $100 into the treasury in addition to a certain amount of capital furnished as a permanent deposit, for which the member received a certificate of deposit indorsed "Membership" on which the holder was entitled to receive dividends as they were declared.

The defendant, Montgomery, began doing business with the bank in 1871. In January, 1872, he was elected a member of the bank; but it does not appear that he furnished the *bonus* or capital required until April, 1875. The bank issued two kinds of certificates to its members: the one marked "Membership" or permanent deposits, and the other "Call." The latter was payable on return of the certificate.

The bank suspended business January 17, 1877. The directors and members who took charge of its affairs found most of the checks, books and papers of the bank gone, and all efforts to obtain them from Myers, the cashier, failed. He shortly afterwards went to Kansas City, Mo., where he died in 1883. After his death his widow burned a large quantity of books, papers, and checks belonging to the bank.

June 2, 1877, it was resolved by the directors "that R. F. Downey be continued, assisted by S. Montgomery, as the committee to settle the affairs of the bank, make collections, etc., as speedily as possible." These parties entered upon their duties as such committee, and continued to act until August, 1878, when Mr. Crawford was employed as counsel for the bank in their place. July 22, 1879, Crawford caused judgment to be entered on the notes before described on petition of Montgomery.

At the trial plaintiff offered in evidence the record of judgments of July 22, 1879, which were admitted over defendant's objection. First, second, and third assignments of error.

Plaintiff offered in evidence the check and deposit account of Samuel Montgomery on the bank ledger, by which it appeared

that the account of Mr. Montgomery was settled "by deposit to close account, $555.20," for the purpose of showing an overdraft, and for the purpose of showing items that Montgomery testified he did not remember about outside of the ledger, and for the purpose of contradicting him.   It was admitted that the entries were made in the handwriting of Myers, the cashier, and it was shown that the latter was dead and that Montgomery had access to the books of the bank as well as supervision over them.   The court admitted the account.   Fourth asssignment of error.

The jury rendered a verdict for plaintiff for the amount of the notes with interest, upon which judgment was entered; and defendant took this writ.

*Garrison, Iams,* and *Brock & Teagarden,* for plaintiff in error. —The opened judgments were inadmissible in evidence.  Dennison v. Leech, 9 Pa. 164; Carson v. Coulter, 2 Grant Cas. 124; West v. Irwin, 74 Pa. 258; Collins v. Freas, 77 Pa. 493.

The bank ledger showing an account settled was erroneously admitted in evidence.   Vance v. Fairis, 2 Dall. 217, 1 L. ed. 355; 1 Yeates, 321; Breinig v. Meitzler, 23 Pa. 156; Walter v. Bollman, 8 Watts, 544; Com. v. Woelper, 3 Serg. & R. 31, 8 Am. Dec. 628; Union Canal Co. v. Loyd, 4 Watts & S. 398; Graff v. Pittsburgh & S. R. Co. 31 Pa. 495.

*P. A. Knox* and *D. Crawford,* for defendant in error.—As each of Montgomery's pleas "confessed the cause of action on which the judgments were entered," there was "no error in the admission of the records."   West v. Irwin, 74 Pa. 258; Cannell v. Crawford County, 59 Pa. 196; Parkinson v. Parker, 85 Pa. 315, 316.

Montgomery's deposit and check account on the deposit ledger of the bank was properly admitted.   Odell v. Culbert, 9 Watts & S. 68, 42 Am. Dec. 317; Hay v. Kramer, 2 Watts & S. 137; Owings v. Speed, 5 Wheat. 423, 5 L. ed. 124; Welsh v. Barrett, 15 Mass. 380; Nicholls v. Webb, 8 Wheat. 336, 5 L. ed. 630; Union Bank v. Knapp, 3 Pick. 96, 15 Am. Dec. 182; Starkie Ev. 455, 456; Bedford R. Co. v. Bowser, 48 Pa. 36; Van Swearingen v. Harris, 1 Watts & S. 359; Union Canal Co. v. Loyd, 4 Watts & S. 393; Graff v. Pittsburgh & S. R. Co. 31 Pa. 495; Bank of Commerce's Appeal, 73 Pa. 64; Hoover v. Gehr, 62 Pa. 136; Fleming v. Wallace, 2 Yeates, 120.

PER CURIAM:

Technically the admission in evidence of the records of the opened judgments was erroneous; nevertheless, as by the pleadings the execution of the notes, on which those records were founded, was admitted, the records proved nothing, and were, at most, testimony of a character so irrelevant and harmless that it could by no possibility have been injurious to the defendant. It follows that a reversal of the judgments for such cause would be improper, since it could result in no good purpose. The books of the bank were properly admitted to charge the defendant. He was not only a stockholder, but an officer of the corporation, having in his power the inspection and supervision of those books; hence, there is as much reason why he should be, prima facie, bound by the entries found in them, as that a partner should be bound by the books of his firm.

The judgment is affirmed.